Argued January 27, affirmed March 1, 1927.

## JOHN MANNING *v.* JOHN H. WOOD AND H. H. FISHER.

(253 Pac. 518.)

**Joint Adventures—Evidence Sustained Finding That Plaintiff was
Entitled to Interest in Defendant's Enterprise Under Agreement Whereby He Interested Men Who Furnished Financial
Backing.**

Evidence, though conflicting, *held* to sustain finding that plaintiff
was entitled to one third of shares in certain corporation issued
to defendants and to one third of profits of enterprise, under agreement whereby he interested men in defendant's enterprise who furnished financial backing, which defendants lacked.

---

Partnership, 30 Cyc., p. 413, n. 15.

From Multnomah: WALTER H. EVANS, Judge.

Department 2.

This is a suit for an accounting, and the transfer
to plaintiff of one third of the shares in a certain
corporation issued to defendants, and for one third of
the profits of the enterprise. The trial court made
findings of fact and rendered a decree in favor of
plaintiff. Defendants appealed from the decree.

The plaintiffs complaint bases his right of recovery upon the existence of a definite contract of partnership or joint adventure, made in May, 1923, between defendants John H. Wood and H. H. Fisher and plaintiff, under the terms of which defendants agreed to give to and share with plaintiff one third of all the rights, interest, and profits they might acquire, earn or become entitled to, in and to the options for purchase of certain timber, timber lands and contracts, and rights and interest in and to rafting of logs, any other contracts, and rights and equipment relating thereto, and one third of all profits, earnings and emoluments which defendants might earn, acquire or become entitled to in the event of the flotation of their enterprise, in consideration of respondent procuring some person or persons with sufficient capital or credit to float such enterprise and the labor and service of respondent.

That in pursuance of said agreement the said parties became partners and in performance of plaintiff's share in said enterprise he procured Dan Kern, who had sufficient capital and credit to take an interest in said enterprise and who did thereupon take a substantial interest therein, and that thereafter said defendants and Kern did by the aid, advice and assistance of the plaintiff obtain a written option contract for divers properties and rights, more particularly described in exhibits attached to the complaint; that the defendants and Kern took an option in their own name to the property and thereafter about October 26, 1923, caused the incorporation of the Bear Creek Logging Company with a capital stock of $100,000 and the said option contract was thereafter assigned and transferred to that corporation in payment for shares of stock therein.

The defendants, Wood and Fisher, by their answer denied any contract with the plaintiff and allege that:

"Upon plaintiff discovering that these defendants were negotiating with Daniel Kern in connection with other timber enterprises, said plaintiff reiterated the fact that Daniel Kern was a client of his office and held out and represented to these defendants that said Daniel Kern was his client, and by virtue of such holding out and statements made by said plaintiff, these defendants from time to time exhibited to said plaintiff various contracts and papers in connection with timber deals and transactions being negotiated by these defendants with Daniel Kern and others; that all of the transactions or consultations had between these defendants and plaintiff were had with plaintiff as the attorney for Daniel Kern and with the understanding stated to plaintiff upon several occasions that he was being consulted solely and alone as attorney for Daniel Kern and that any compensation which plaintiff might have or receive, or be entitled to, by virtue of any consultations or services performed by him, should be compensated by Daniel Kern and that said plaintiff should not look to these defendants for compensation of any nature whatsoever; * * "

The reply denies all new matter set up in the answer.                    AFFIRMED.

For appellants there was a brief over the name of *Messrs. Teal, Winfree, Johnson & McCulloch,* with an oral argument by *Mr. A. B. Winfree.*

For respondent there was a brief over the names of *Messrs. Greene & McCurtain* and *Messrs. Manning & Harvey,* with an oral argument by *Mr. Thomas G. Greene.*

BEAN, J.—It appears from the record that the defendant John H. Wood and H. H. Fisher each received and hold one hundred shares of fully paid-up stock of the Bear Creek Logging Company, of the par value of $100 per share, or a total of $20,000, one third of which is claimed by plaintiff.

The question involved is one of fact. There is a conflict of testimony. The plaintiff testifies in substance that he and the defendants Wood and Fisher agreed to undertake the flotation or projection of a timber deal and that each should receive one-third part of the profits of promoting such a scheme. Two or three projects were investigated and considered but nothing was realized from them. In May, 1923, the plaintiff and the defendants entered upon the undertaking of promoting what is called the Clackamas, or sometimes called the Dyer, timber tract, involving a large amount of timber. The timber was examined by Mr. Fisher, and a written option obtained, after negotiations had been pending for some time, the option being dated August 15, 1923. The plaintiff and the defendant worked together in regard to the proposition and at one time a sale was contemplated to Jones Lumber Company. This sale did not materialize. At the inception of the negotiations between the plaintiff and defendants, it was thoroughly understood that the defendants Wood and Fisher would have a working interest in the project; that they did not have the money or financial backing necessary to obtain an option for a large amount of property; for that reason they went to the plaintiff to get him to interest some capitalists or someone of means in the project. The plaintiff referred defendants to Mr. Daniel Kern, a substantial business man of considerable means.

After the matter of the sale to Jones Lumber Company was dropped, in order to organize a company or corporation to take over the project, it became necessary for additional capital to be obtained, and the plaintiff went to Mr. John Kiernan and endeavored to get him interested. He was unable to do so but suggested that Mr. Kern could interest Mr. Kiernan and Mr. Kern afterwards got Mr. Kiernan interested in the project, and the corporation above mentioned was formed. The plaintiff and defendants seemed to work harmoniously together until a short time before the organization of the Bear Creek Logging Company. Much of the business was transacted in the law office of the plaintiff in Portland, the parties often consulting and planning until late at night. Then the defendants together with their associates went to another law office and the company was organized as above stated. A letter written by one of the defendants in behalf of the joint undertaking, about the 2d of June, 1923, explains the transaction to a certain extent. It was as follows:

"Portland, Oregon, June 2, 1923.
"Mr. A. F. Flegel,
      "Portland, Oregon.
"Dear Sir:—

"In reply to your letter of the 21st May, requesting the names of the parties who are to be interested in the operating company which is to be formed in connection with the logging of timber in Township three, south, Ranges four, five and six East, Clackamas County, I beg to submit the following personnel:— which is to be held in strict confidence by yourself and representatives:

"Mr. Daniel Kern, who is now operating a mill of 250,000 capacity, and five sides of logging equipment.

"Mr. John Manning, who is Mr. Kern's attorney, will also be interested in the company.

"Mr. J. H. Wood, a former contractor of this city, and myself.

"If a company formed by the above personnel is considered satisfactory, by you, as to experience and financial resources, it is understood that you are to immediately undertake to get the timber in question lined up, and secure for us an option of sufficient length to allow for the completion of a deal satisfactory to both the owners and the operating company.

"Yours truly,
"(Sgnd.)   H. H. FISHER."

The defendants Wood and Fisher deny that any contract was made with the plaintiff and deny that he was interested in the business, except as an attorney for Mr. Kern. The letter above copied corroborates the plaintiff in his testimony that he was interested in the project. The testimony of three witnesses, E. R. Harvey, James J. Murphy and R. E. Lovett, also corroborates the plaintiff to the extent that the defendants stated that he was interested with them.

It is plain from the testimony that the undertaking never would have been carried through except for the efforts of the plaintiff. He was instrumental in interesting Dan Kern and through Dan Kern, John Kiernan was also interested in the scheme which was successfully carried out. The defendants, except for the flat denial of some of the facts, seemed to have understood that Mr. Manning should have been compensated, but suggested that he should be paid by Mr. Kern, a man that was in no way liable to the plaintiff. A recapitulation of the testimony would be of no benefit.

The Circuit Court, after a painstaking hearing, found for the plaintiff. We are firmly convinced that

the finding and decree of the Circuit Court was right. It is affirmed.                    Affirmed.

Burnett, C. J., and Rand and Brown, JJ., concur.